# Wheeling.

## B. & O. R. R. Co. *v.* Annon.

Decided October 29, 1881.

*(Patton, J., Absent.)

Where a judgment of the county court dismissing an appeal is superseded by the circuit court, which dismissed the *supersedeas* as improvidently awarded, and in the record of the county court no bill of exceptions was taken to show, that said court improperly dismissed the appeal, and nothing appears in the record to show, that the judgment of the county court was wrong, and it is not clear from the record, that this court has jurisdiction, a *supersedeas* to said judgment of the circuit court by the Appellate Court will be dismissed as being improvidently awarded.

*Supersedeas* to a judgment of the circuit court of the county of Preston, rendered on the 11th day of April, 1877, in an action in said court then pending, wherein the Baltimore and Ohio Railroad Company was plaintiff in error and William B. Annon was defendant in error, allowed upon petition of said Baltimore and Ohio Railroad Company.

Hon. C. S. Lewis, late judge of the second judicial circuit, rendered the judgment complained of.

The facts of the case are sufficiently stated in the opinion of the Court.

*C. Boggess* for plaintiff in error relied on the following authorities:  Con. Art. VIII, § 3;  Acts 1872–3, ch. 16, § 3;  6 W. Va., 336;  Acts of Va. 1847, ch. 99, § 6;  Acts 1836–7, ch. 118, § 24;  Code of Va. 1849, ch. 61, § 19 :  Code W. Va., ch. 52, § 23;  Acts 1872–3, ch. 24, § 8;  Code W. Va., ch. 50, §§ 163, 164, 168, 171.

*R. W. Monroe* for defendant in error cited Angell on Carriers § 313;  *Id.* p. 279, note b.

Johnson, President, announced the opinion of the Court:

William B. Annon brought an action before a justice of the peace in Preston county on the 25th day of July, 1873, to recover of the B. & O. R. R. Co. $11.55 "for charges illegally collected.  L. C. Baker, the justice who tried the case, in his

*Case submitted before Judge P. took his seat.

judgment, rendered August 2d, 1873, said: "Charles Ellis sworn and says, the $11.55 was not illegally collected, but did not deny the money aforesaid was collected to pay the agent for his services, saying the company gave them the power to collect the same. Plaintiff claims that the Baltimore and Ohio R. R. Co. has not the power to make the shipper pay their agents for services as agents, when goods were not stored in company's warehouse, as the above was paid on goods not stored in any warehouse of the said company at Newburg. Judgment is therefore rendered against defendant for plaintiff for the sum of $11.55, with interest thereon till paid and costs, upon the ground that plaintiff paid defendant all it asked for tolls and transportation to deliver goods at Newburg." It is claimed, that within ten days after the judgment was rendered the defendant filed his undertaking and took an appeal to the county court under the act of the legislature passed January 20th, 1873. In the county court of Preston county the following order was entered in the case : "And now at this day, to-wit, at a county court held for the said county of Preston on Wednesday, the 4th day of November, 1874, came the parties by their attorneys, and thereupon on motion of the appellee and for reasons appearing to the court this cause is dismissed or dropped from the docket, because no appeal has been granted, whereupon it is considered by the court, that the appellee recover against the appellant and the surety J. M. Hartly his legal costs herein about his defence here expended." To this order a *supersedeas* was granted on the 23d day of February, 1875, and in the circuit court of Preston county on the 11th day of April, 1877, the *supersedeas* was dismissed as "being improvidently awarded." To this judgment of the circuit court, on the 30th day of May, 1877, C. S. Lewis, judge of the second judicial circuit, granted a *supersedeas*, by which the said judgment was brought to this Court for review.

There is in the record no bill of exceptions to the judgment of the county court dismissing the appeal from the judgment of the justice. It does not appear from the record, that the order of the county court declaring, that no appeal had been taken, is not true. If the defendant wished to show, that the court erred in dismissing the appeal, upon the ground that no

appeal had in fact been taken, it ought to have taken a bill
of exceptions, in which it might have been shown, if it were
a fact, that the undertaking required by the statute was in
fact filed with the justice within ten days after the judgment
was rendered, and that the law as to appeals from the judgment
of justices had in fact been complied with, and therefore it
was error to dismiss the appeal. But no bill of exceptions
whatever was taken ; and there is nothing in the record to
show, that the judgment is wrong. What purports to be an
undertaking, signed by the defendant, per S. L. Allen, agent,
and by J. M. Hartley, dated August 30, 1873, twenty-eight
days after the date of the judgment and purporting to have
been acknowledged and approved by L. C. Baker, justice, on
the 9th day of August, 1873, is by the clerk copied into the re-
cord, but it is no part of the record, and there is nothing to show
therefore, that any undertaking was ever filed, or appeal taken.

If the question of the right of the defendant, the Balti-
more and Ohio Railroad Company, to levy tolls is involved
in the judgment of the justice, which is difficult to ascertain
from the meagre record before us, it cannot be reversed in
this case, because the *supersedeas* ought not for the reasons
stated to have been granted. The *supersedeas* is therefore
dismissed as being improvidently awarded.

JUDGES HAYMOND AND GREEN CONCURRED.

SUPERSEDEAS DISMISSED.